## F. A. Ames & Co., Appellants, *v.* Isaac M. Pierson.

*Contract— Offer and acceptance—Correspondence.*

Defendant, a manufacturer of wheels, was requested by the plaintiffs by letter to enter their order for three thousand sets of wheels for the year 1891. On December 30, 1890, defendant replied that the order was too big for him then, "I could not at most undertake over 100 sets per month without shutting out my old customers," and he concluded his letter by saying: "If it will be of any advantage to you to get the wheels in lots about as above mentioned, 100 sets per month, I will do my best to serve you." On January 2, 1891, the plaintiffs wrote the defendant as follows: "Replying to yours of the 30th ult. will say you may enter our order for the one hundred sets per month as your letter indicates." This letter was acknowledged by the defendant in a letter to the plaintiffs under date of January 6, 1891, in which he said: "I will enter your order for 100 sets of wheels per month for the coming year, and if I can add to my facilities so as to enable me to do better than that, will do so." *Held,* that the correspondence constituted a contract between the parties, and that the words "I will do my best to serve you" could not be considered as constituting, nor the words "as your letter indicates" as recognizing, a condition in the offer which rendered it and the acceptance of it meaningless and nugatory.

Argued Feb. 12, 1896. Appeal, No. 19, Jan. T., 1896, by plaintiffs, from judgment of C. P. Chester Co., Jan. T., 1893, No. 71, on verdict for defendant. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for breach of contract.   Before HEMPHILL, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

The first point submitted by the defendant is as follows :

[There was no contract between the parties to this suit, obliging the defendant to furnish the plaintiff one hundred sets of wheels per month for the succeeding year, as set out in his statement filed.  After listening to argument upon this point as submitted by the defendant, I have taken occasion, in the short space of time I had, to look up the question here involved, the main question, the question of the contract, and have, I confess, with some hesitation and doubt, reached a conclusion.

The language of the contract, as set forth in the letter, which, being in writing, is before the court, is singular.  It is not the language of a contract.  It is an offer of an order on one part and an acceptance on the other.  The first offer was that they should enter an order for three thousand sets of wheels during the year 1891.  That was declined by Mr. Pierson in his letter of December 20, and in it he makes a counter offer.  His offer is, "I could not at most, undertake over 100 sets per month without shutting out my old customers, which I would not wish to do, and judging from your first letter I did not anticipate you wanted so many as you name in your letter."  Then he makes this offer, "If it will be any advantage to you to get the wheels in lots about as above mentioned, 100 sets per month, I will do my best to serve you."

I interpret that as being a conditional offer, that he will accept the order for one hundred sets per month, and will serve the plaintiffs, or fill that order to the best of his ability.  It was that offer which Mr. Ames afterwards accepted in his letter of January 2, in which he says, "Replying to your kind favor of the 30th ult., which reached us to-day, will say that you may enter our order for the 100 sets per month, as your letter indicates," that is, subject to serving them to the best of his ability.

I look on that as a condition accompanying the offer, and consequently not an absolute contract to furnish on his part, or on the other side to receive or take one hundred sets of wheels per month, and therefore not binding on either.

Under those circumstances I must affirm the defendant's first point, which takes the case from the jury.] [1]

Gentlemen of the Jury: As you have heard, [this has resolved itself into a question of law on the interpretation of a written contract, which is a matter for the court.   I have interpreted it in such a way as to relieve you from further consideration of the case, merely directing you to find a verdict for the defendant for $138.22.] [2]

Verdict and judgment for defendant for $138.22.   Plaintiffs appealed.

*Errors assigned* among others were (1, 2) above instructions, quoting them.

*Robert S. Waddell, Thomas W. Pierce* with him, for appellants.—This correspondence established a contract between the parties: 3 Am. & Eng. Ency. of Law, 844 ; Cooper v. Altimus, 62 Pa. 486 ; Carmichael v. Newell, Sturdevant & Co., 2 Phila. 289 ; Thayer v. Burchard, 99 Mass. 508 ; Chicago & G. E. R. R. v. Dane, 43 N. Y. 240.

*Alfred P. Reid,* for appellee.—It is manifest that plaintiffs did not consider themselves under any obligation to take one hundred sets of wheels per month.   If they were not, then there was no contract, and there was no obligation on the defendant to furnish any wheels: Ashcroft v. Butterworth, 136 Mass. 511 ; Ry. v. Dane, 43 N. Y. 240.

OPINION BY MR. JUSTICE McCOLLUM, April 6, 1896 :

The plaintiffs were manufacturers of wagons at Owensboro, Kentucky, and the defendant was a manufacturer of wheels and spokes at Toughkenamon, Chester county, Pennsylvania.   On the 12th of December, 1890, the plaintiffs wrote the defendant that they had not placed their contract for wheels for the ensuing year, and requested his " very best prices on all grades." On the 15th of December, 1890, the defendant replied to their letter, inclosing his price list, and stating the discounts he was willing to make from it on " lots of not less than ten sets." The defendant's letter was followed by an inquiry from the plaintiffs respecting freight rates, which was promptly answered by the defendant, and on the 24th of December, 1890, they requested him to enter their order for three thousand sets of

wheels for the next year. To this request the defendant, on the 30th of December, 1890, replied that the order was too big for him then, that he "could not at most undertake over 100 sets per month without shutting out his old customers," and he concluded his letter by saying: "If it will be of any advantage to you to get the wheels in lots about as above mentioned, 100 sets per month, I will do my best to serve you." On the 2d of January, 1891, the plaintiffs wrote the defendant as follows: "Replying to yours of the 30th ult. will say you may enter our order for the one hundred sets per month as your letter indicates." This letter was acknowledged by the defendant in a letter to the plaintiffs under date of January 6, 1891, in which he said: "I will enter your order for 100 sets wheels per month for the coming year, and if I can add to my facilities so as to enable me to do better than that, will do so."

The plaintiffs' claim that the correspondence to which we have referred, and the material parts of which we have quoted, created a contract between them and the defendant which bound him to furnish and them to receive and pay for one hundred sets of wheels per month, or twelve hundred sets of wheels during the year 1891, and that although they repeatedly urged him to furnish the wheels in accordance with the contract they were able to get from him during that year only twenty-eight sets. The defendant however contends that the correspondence in question did not establish a contract between the parties to it, and his contention in this respect was sustained by the learned court below.

A construction of the correspondence which denied the existence of any contractual relation between the parties appears to us to have been unwarranted and to have given to the words "I will do my best to serve you" an effect which was not intended or contemplated by either of them. It was a construction which failed, we think, to accord to other parts of the correspondence the consideration and influence they ought to have had in determining whether there was a contract. It is very clear that the plaintiffs desired the defendant to furnish them three thousand sets of wheels for the year 1891, and equally so that the defendant desired to secure their custom. But his facilities were not sufficient to enable him to furnish

the number of wheels they required, and at the same time to fill the orders of his old customers.    To meet and overcome the difficulty thus presented—to retain his old customers and secure new ones, he practically assured the plaintiffs of his ability to furnish them one hundred sets of wheels per month, and of his willingness to undertake to do so.    That they understood his letter of December 30, as containing an unconditional offer to furnish them one hundred sets of wheels per month was shown by their letter of January 2, and that he intended it as such sufficiently appeared in his letter of the 6th of January. In the light of the correspondence as a whole and of the mutual purpose and understanding of the parties to it, the words " I will do my best to serve you " cannot be considered as constituting nor the words " as your letter indicates " as recognizing a condition in the offer which rendered it and the acceptance of it meaningless and nugatory.    These expressions in the letters of December 30 and January 2 are plainly reconcilable with the plaintiffs' contention that the correspondence created a contract between the parties, and they do not warrant the claim the defendant now makes in regard to the effect of them.    We think, therefore, that the learned court below erred in holding that there was no legally enforceable duty or obligation upon either party in reference to the manufacture, delivery, or acceptance of the wheels to which their correspondence related.

The learned counsel for the plaintiffs properly confined their argument on this appeal to the question raised by the first and second specifications of error.    The remaining specifications require no consideration at this time.    They are based on the disaffirmance of the plaintiffs' points in relation to damages. The denial of the points was the necessary sequence of the conclusion that the plaintiffs had shown no contract which imposed a liability upon the defendant.    The questions raised by the points were not considered by the court, and the disaffirmance of the latter was perfunctory.

In holding as we do that the correspondence established a contract between the parties we do not determine or consider to what extent the rights and liabilities of either party, under it, were affected by the default or misconduct of the other.

The 1st and 2d specifications are sustained.

Judgment reversed and venire facias de novo awarded.